UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TERRY BOUTTE** | **CASE NO. 2:24-MC-00011** |
| **VERSUS** | |
| **ELITE MEDICAL WELLNESS ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

On January 12, 2024, Jackson Offshore Operators, LLC and Chevron U.S.A. Inc. ("Movants") initiated this miscellaneous case by filing a *Motion to Compel Compliance with Subpoena Directed to Non-Party Elite Medical Wellness* ("Motion to Compel"). Doc. 1. Pursuant to Rule 45(f) of the Federal Rules of Civil Procedure, and for the following reasons, the Court issues this Order transferring the motion to compel and the related motions for contempt and sanctions to the Houston Division of the U.S. District Court of the Southern District of Texas, for resolution in the underlying litigation, *Terry Boutte, Jr. v. Jackson Offshore Operators, LLC, et al.*, No. 4:22-cv-00948 (S. D. Tex) (the "Underlying Litigation").

**I.**
**BACKGROUND**

Setting the stage for their Motion to Compel, Movants offered in their supporting memorandum the following Prefatory Statement, in pertinent part:

> Movants' Subpoena seeks information that tends to suggest the healthcare providers at Elite [Medical Wellness] are biased, litigation support experts who were specifically retained by Arnold & Itkin, LLP to support Boutte's case, and that they are not independent, disinterested "non-retained" experts as portrayed by Boutte and his attorneys. The Subpoena seeks precisely that type of information and should be enforced as written. Movants aver that they are seeking documents related to Boutte's payments, A&I's payments on behalf of Boutte, third party

1

> payments on behalf of Boutte, and A&I's payments on behalf of other plaintiffs they have referred to Elite as these documents are highly relevant to addressing the issues of causation, damages, bias, and credibility.

Doc. 1, att. 1 at p. 2. With this background, the Court ordered [doc. 2] that Elite Medical Wellness ("Elite"), the target of the subpoena and Motion to Compel, be served with notice of the Motion to Compel and this Court's order setting Elite's deadline to respond to same. Elite was served on February 2, 2024. Doc. 4. The Court then entered an order confirming the parties' briefing schedule on the Motion to Compel and setting the Motion to Compel for hearing on March 6, 2024. Doc. 5.

Elite timely filed its response to the Motion to Compel. Doc. 6. In response to the Motion to Compel, Elite acknowledged it originally responded by letter to the subpoena and produced only medical and billing records related to Mr. Boutte. Doc. 6 at p. 2; *see also* doc. 1, att. 13 (Elite's Dec. 6, 2023 letter response). While Elite in its letter response acknowledged discussing the subpoena with its "healthcare attorneys" (doc. 1, att. 13 at p. 1), the letter response was submitted on Elite's letterhead without signature, by it or any attorney (doc. 1, att. 13). To remedy any issues created by this manner of answering the subpoena, Elite included as part of its response to the Motion to Compel "(now with assistance of counsel)" its Amended Responses to Subpoena for Documents, along with another copy of the previously produced documents. Doc. 6 at p. 2 & atts. 1 & 2. From Elite's perspective, "[b]ecause [Elite] has responded to each production request without objection and had produced all responsive documents in its possession, the Defendants' motion is now moot." Doc. 6 at p. 2.

Contrary to Elite's contentions, Movants continued to object that Elite had "not reasonably or fully responded to the subpoena or produced all responsive documents in their possession." Doc. 7, p. 1. Indeed, of the 32 items requested in the subpoena, Elite responded

2

either "None" or "None other than the attached master clinic fee schedule" to 31 of those items; the remaining request (No. 27) received a "None" response with some elaboration. Doc. 6, att. 1. Movants argued these responses did not fulfill the parties' prior agreement:

> During the conversations leading up to the instant motion, Movants and Elite came to an agreement—memorialized in an email following a phone conversation—wherein Elite agreed to "produce any documents, including any records, correspondence, emails, text messages, portal messages or communications of any kind, to or from any person employed by or affiliated with Elite and any person employed by or affiliated with Arnold & Itkin or any agent, representative or family member of Terry Boutte, Jr., regarding any claim asserted by Mr. Boutte in [*Terry Boutte Jr. v. Jackson Offshore Operators, LLC et al.*] and/or any medical treatment provided to Mr. Boutte."

Doc. 7 at p. 2 (referring to email communication at doc. 1, att. 12). Accordingly, Movants asked the court to order Elite "to produce all documents responsive to the subpoena or Elite's Agreement." *Id*. at p. 5.

The Motion to Compel was heard on March 6, 2024. Elite maintained its position that its "None" responses to the subpoena requests were accurate and that it had no other responsive documents to produce. Movants insisted, based on knowledge from other cases and other resources involving Elite, that Elite's responses were not accurate or complete. Accordingly, the Court ordered Movants to file supplemental briefing to provide the Court with any information in Movants' possession tending to show that any of the written responses provided by Elite, in fact, were incomplete or inaccurate. Doc. 8.

Movants filed a Supplemental Memorandum in Support of Motion to Compel, and in connection with that filing identified a number of persons who were plaintiffs in other actions and clients of Arnold & Itkin, LLP, who had also been treated at Elite. Doc. 16. Accordingly, Movants argued: "The subpoena at issue in this matter is specifically aimed at discovering more concrete evidence of the exact nature of the relationship between Elite, Dr. Hayes and A&I in

3

order to dispel Plaintiff's assertion that Dr. Hayes' is nothing more than an impartial treating physician. . . . [W]hen you consider the sheer amount of plaintiffs represented by A&I and treated at Elite, it is profoundly disingenuous to continue to deny the existence of documents related to the extensive and highly profitable relationship between Elite and A&I." *Id*. at p. 7.

After conducting the hearing on the Motion to Compel and obtaining supplemental briefing [doc. 8], the Court issued a Memorandum Order granting in part and denying in part the Motion to Compel. Doc. 22. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Court sought to protect Elite from overly broad requests, while at the same time allowing Movants discovery of appropriately scoped responsive information. *Id*. at pp. 6-7.

After entry of the Memorandum Order, the parties continued to clash over Elite's responsiveness to the subpoena as modified by the Memorandum Order. Indeed, multiple motions for contempt and sanctions were filed by Movants. Presently, issues raised by the Motion to Compel remain unresolved because Movants assert in their second and third motions for contempt and sanctions that Elite has never adequately responded to the subpoena as directed by the Court's Memorandum Order. Docs. 31, 36. Movants assert that Elite has failed to produce materials responsive to the subpoena, including documents tending to show that Elite's relationship with Arnold & Itkin, LLP is mediated by two third parties: Smart Reviews and Access Healthcare Management, LLC.

In their motions for contempt and sanctions, Movants seek relief including leave to take additional depositions of individuals associated with Elite, leave to issue additional subpoenas to Elite, Smart Reviews, and Access Healthcare Management, LLC, and monetary sanctions. Docs. 36, 39. Moreover, Movants request:

> That this Court declare that Dr. Patrick Hayes is not, in fact, a mere treating physician, but he has an ongoing, financial relationship with Arnold & Itkin through its "case manager," Access Healthcare Management, and that he cannot be designated as a non-retained expert in any case pending in any federal court where the patient was referred to him for litigation support, as is the case for all referrals from Access Healthcare Management.

Doc. 39 at p. 24.

This Court set a December 3, 2024, hearing to resolve the issues raised by the motions for contempt and sanctions, including Movants' substantive requests for relief with regard to subpoena requirements and further discovery. Docs. 45, 47. The order setting the hearing ordered Elite and its principal, Dr. Patrick Hayes, to appear "and show cause why they should not be sanctioned and/or held in contempt for failing to comply with this Court's prior order, for the reasons set forth in the Moving Parties' motions for contempt [docs. 31, 36]." Doc. 45. This hearing, however, was not allowed to proceed, and this matter is now ripe for transfer to the district where the Underlying Litigation is pending.

## II.
### LAW AND ANALYSIS

A motion related to a Rule 45 subpoena may be transferred to the issuing court in "exceptional circumstances."

> **(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Fed. R. Civ. P 45(f).

In preparing for the hearing, the court recognized that two factors combine to create an exceptional circumstance warranting transfer of this matter to the court presiding over the

Underlying Litigation. First, the court recognized that some of the requested relief, such as leave to conduct further discovery into Elite's relationships with third parties Access Healthcare Management, LLC ("Access") and Smart Reviews, could affect or conflict with case management orders issued in the Underlying Litigation, while other requested relief could intrude on the Underlying Litigation court's ability to manage the evidence in its case. For example, if the discovery deadline in the Underlying Litigation has passed, orders permitting further discovery in this matter could spawn motion practice about the timing and propriety of such discovery in the Underlying Litigation. Further, designation of Dr. Hayes' capacity as a witness—i.e., whether as a treating physician, non-retained expert, or otherwise—could dictate the presentation of evidence in the Underlying Litigation.

Second, in reviewing a deposition transcript of Dr. Hayes, excerpts of which were attached as an exhibit to one of the contempt motions, the undersigned recognized the name of Access's owner as a former client that the undersigned represented in the recent past while still in private practice. On making this realization, the undersigned discovered that Access itself had also been a client in the recent past. The undersigned's representation of Access and its owner did not relate in any way to the instant dispute, and Access is not a party to this matter or the Underlying Litigation. Nonetheless, the undersigned recognizes the possibility that some of the relief Movants request could bring Access into this matter, into the Underlying Litigation, or otherwise affect Access directly or indirectly. The fact that Access was a former client could reasonably give rise to the appearance of partiality, potentially creating a waivable basis for disqualification under 28 U.S.C. § 455.

Having recognized the possibility of further discovery respecting a former client of the undersigned that could also disrupt "the issuing court's (that is, the Houston Court's)

6

management of the underlying litigation," the Court finds that there are exceptional circumstances that did not exist heretofore and that these circumstances outweigh Elite's interest in seeing resolution of this matter in this judicial district. *See Buc-ee's, Ltd. v. Shepherd Retail, Inc.*, No. 3:17-MC-1-N-BN, 2017 WL 86143, at *2 (N.D. Tex. Jan. 10, 2017).

### III.
#### CONCLUSION

Accordingly, **IT IS ORDERED** that the Clerk's Office shall transfer this matter, including the instant Motion to Compel, the motions for contempt and sanctions, and the related docket entries, to the Houston Division of the U.S. District Court for the Southern District of Texas, for resolution in the Underlying Litigation, *Terry Boutte, Jr. v. Jackson Offshore Operators, LLC, et al.*, No. 4:22-cv-00948 (S. D. Tex).

**IT IS FURTHER ORDERED** that the Clerk's Office shall close this matter after transfer of the pending motions.

SO ORDERED at Lake Charles, Louisiana, this 20th day of December, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**